[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant in this action seeks, in his cross complaint, the recovery of monies he has paid to the plaintiff for the support of a child he did not father, other CT Page 3784 compensatory and/or exemplary damages, and costs. The parties have agreed and stipulated to the following facts:
 1. A minor child, Rachel Ann Lestage was born to the plaintiff on October 24, 1977.
 2. On April 26, 1979, a paternity hearing was held before the late Judge Nicholas F. Armentano.
 3. On May 17, 1979, a default judgment of paternity was issued against the defendant.
 4. On February 9, 1989, the defendant had a sperm test, the results of which caused the defendant to file a petition for a new trial.
 5. The petition for a new trial and an order for DNA tests were granted by agreement on June 26, 1989.
 6. The plaintiff was not represented by counsel at that time.
 7. The DNA test results were obtained on January 30, 1990, and on March 26, 1990, the Court entered a summary judgment excluding the defendant as father of the minor child, Rachel Ann Lestage.
The plaintiff claims that the defendant should be barred from reimbursement of support because he is guilty of laches, and that he should also be equitably estopped from reimbursement.
There are two elements to the doctrine of laches, inexcusable delay and prejudice to the plaintiff.
In this case the delay was not inexcusable. The defendant was accused through false testimony of being the father of the minor child. At the time he apparently elected not to contest the allegation. (There is nothing in the file to indicate he denied having sexual relations with the plaintiff). When he learned that he was sterile, (See Petition for New Trial), he moved to reopen the judgment and have DNA tests done.
In this case, the plaintiff, who testified, obviously falsely, that the defendant was the only man she had sexual relations with during the period of conception, was at least equally responsible for the defendant's predicament. The passage of time alone does not lead to a finding of laches. Brock v. Cavanaugh, 1 C. APP. 138 (1984). And a delay of eight years before claiming child support was not laches. CT Page 3785 Bozzi v. Bozzi, 177 Conn. 232, 239 (1979).
Further, the plaintiff cannot be prejudiced by having to repay money which was wrongfully obtained. Neither is the defendant equitably estopped from his claim for reimbursement. The defendant took no action nor did he say something which was intended or calculated to induce the plaintiff to believe in the existence of certain facts and to act on that belief. John F. Epina Realty, Inc. v. Space Realty, Inc., 194 Conn. 71 (1984).
Estoppel is to be enforced where injustice would occur without its application. D'Ulisse — Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 213
(1987). Perhaps some injustice occurred in this case when the defendant was incarcerated for failure to make support payments which he would not have been responsible for, but for the testimony of the plaintiff.
The defendant made payments to the plaintiff for child support in the amount of $9,471.29. Judgment may enter for the defendant on his cross complaint in the amount of $9,471.29 plus costs.
(The defendant has a separate claim pending against the State of Connecticut for monies paid to the State on behalf of the minor child. That is a separate claim and is not intended to be resolved by this judgment.)
BY THE COURT, HON. LAWRENCE KLACZAK SUPERIOR COURT JUDGE